FILED

**IN THE UNITED STATES DISTRICT COURT** 2012 MAR -9 PM 1: 20
**MIDDLE DISTRICT OF FLORIDA**

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**CASE NO.:**

6:12-CV-381-Orl-19DX

JASON EDONE, an individual,

    Plaintiff,

v.

RPS WORLDWIDE, INC., a
Florida corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

    Plaintiff, Jason Edone, an individual, sues Defendant, RSP Worldwide, Inc., a Florida corporation, and alleges:

### *INTRODUCTION*

    1.    This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

    2.    Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

### *ALLEGATIONS AS TO PARTIES*

    3.    At all times material hereto, Plaintiff, Jason Edone ("Mr. Edone ") was *sui juris*

-1-

and a resident of Orange County, Florida.

4.      At all times material hereto, Defendant, RPS Worldwide, Inc. ("RPS Worldwide" or "Debt Collector"), was a Florida corporation doing business at 3700 34th Street, Suite 130, Orlando, Florida 32805.

5.      At all times material hereto, Defendant is and was engaged in the collection of consumer debts using mail and telephone communications to debtors.

### *FACTUAL ALLEGATIONS*

#### *A. Description of Non-Existent Disputed Consumer Debt*

6.      On or about July 5, 2011, Model Trains and More, LLC, a New Jersey corporation ("Model Trains"), sent or caused to be sent to Mr. Edone at his place of residence in Orange County, Florida a Dell laptop ("Laptop") for the personal and household use of Mr. Edone.

7.      Mr. Edone did not have any obligation to pay for the Laptop as the Laptop was a gift from the estranged father of Mr. Edone, Robert Poelstra ("Mr. Poelstra"), the purported President of Model Trains.

8.      According to the bill of lading for the laptop, the purchase price paid by Model Trains for the Laptop was Seven Hundred Sixty-Three and 61/100ths Dollars ($763.61), inclusive of sales tax.

9.      Mr. Edone accepted the Laptop from Model Trains as he had been informed by Mr. Poelstra that the Laptop was a "gift."

#### *B. Unlawful Collection Activities of Defendant*

##### *1. Retention of Defendant*

10.     As a result of the continued estrangement between Mr. Edone and his father, Mr.

-2-

Edone terminated communications with Mr. Poelstra.

11.     Subsequent to the cessation of communication by his son, Mr. Poelstra through Model Trains retained RPS for the purpose of collecting monies purportedly owed for the Laptop by Model Trains ("Disputed Laptop Debt"), notwithstanding the acceptance of the Laptop as a "gift" by Mr. Edone.

12.     Commencing in August, 2011,RPS Worldwide began a pattern of conduct reasonably calculated to harass, threaten or coerce Mr. Edone into paying monies on a non-existent debt.

*2. Initial Unlawful Collection Communication*

*a. Exaggerated Debt Claim*

13.     On or about August 8, 2011, RPS Worldwide sent or caused to be sent to Mr. Edone at his address in Orange County, Florida, correspondence known more commonly in the collection industry as a "dunning letter" concerning the Disputed Laptop Debt claim ("Initial Written Collection Communication").

14.     A true and correct copy of the Initial Written Collection Communication is attached hereto and incorporated herein by reference as Exhibit "A".

15.     Pursuant to the Initial Written Collection Communication, RPS Worldwide claimed that the "past due balance" for the Disputed Laptop Debt was One Thousand Four Hundred Dollars ($1,400.00), notwithstanding the fact that the price paid for the Laptop by Model Trains was Seven Hundred Sixty Three and 31/100ths Dollars ($763.31).

16.     By information and belief, RPS Worldwide falsely, deceptively, misleadingly, unfairly and unconscionably exaggerated or inflated the "past due balance" to include charges not

-3-

authorized by contract or statute.

### 3. False Sense of Urgency

17.     Pursuant to the Initial Written Collection Communication, RPS Worldwide stated:

Please be advised that our office now represents the above-named client with respect to your past due balance of $1,400.00. Prior to recommending to our client that they commence litigation in the local courts, we afford you this opportunity to remit your payment to us by absolutely **no later than ten days from the date of this notice**. You must fax a copy of your payment to our offices at (877) 228-1004, and mail the original payment to 3700 34th Street, Suite 130, Orlando, FL 32805-6602 to avoid litigation.

In the event we do not receive your payment by the deadline, we will advise our client to consider retaining one of our local affiliate attorneys for litigation.

("Debtor Response Representation")
[emphasis by Plaintiff]

18.     The Debtor Response Representation purposely misrepresented to Mr. Edone as a consumer that Mr. Edone had less than ten (10) days to respond to RPS Worldwide with respect to the Disputed Laptop Debt Claim when Mr. Edone had a thirty (30) day period from the date of **the receipt** of the Initial Written Collection Communication in which to dispute the debt being collected upon pursuant to 15 U.S.C. §1692g, as more particularly described below.

19.     The Debtor Response Representation was purposely drafted by RPS Worldwide to create a false sense of urgency on the part of Mr. Edone to respond to RPS Worldwide in a manner not authorized by law.

### 4. False Threats of Litigation

20.     According to the Initial Written Collection Communication, RPS Worldwide stated:

If litigation becomes necessary, you may be held responsible for additional costs

-4-

of this action including, but not limited to, court costs, your attorney fees and other litigation expenses that the court may award.  Time is of the essence if you wish to resolve this matter without additional expense.  Once your deadline for payment passes, your opportunity for resolving the matter without litigation will have passed.

("Litigation Expense Representation")

21.     The Litigation Expense Representation falsely, deceptively, misleadingly, unfairly and unconscionably misrepresented or implied to Mr. Edone as a least sophisticated consumer that RPS Worldwide would refer the Disputed Laptop Debt to an attorney to initiate litigation in the court system against Mr. Edone when RPS Worldwide did not have the present intention or ability to take such action.

22.     The Litigation Expense Representation falsely, deceptively, misleadingly, unfairly and unconscionably misrepresented or implied to Mr. Edone that Mr. Edone was legally obligated to pay for previously incurred "costs" insofar as RPS Worldwide chose to the use the words "additional costs."  By information and belief, RPS Worldwide included in the amount claimed to be owed by Mr. Edone an unknown collection fee charge that Mr. Edone was not legally obligated to pay by contract or statute.

23.     The Litigation Expense Representation falsely, deceptively, misleadingly, unfairly and unconscionably misrepresented or implied to Mr. Edone that Mr. Edone would not be able to "resolve the matter without litigation" after the expiration of the ten day deadline that was arbitrarily imposed by RPS Worldwide when in fact RPS Worldwide would have resolved "the matter without litigation" after the expiration of the so-called "deadline."

*5. False Claims of Collection Expense*

24.     Pursuant to the Initial Written Collection Communication, RPS Worldwide stated:

-5-

Please do not fail to give this matter your urgent attention.  Make your payment now to avoid **additional** expense.  If you have any questions concerning this case, contact me immediately.

> ("Second Additional Expense Representation")
> [emphasis by Plaintiff]

25.     The Second Additional Expense Representation falsely, deceptively, misleadingly, unfairly and unconscionably represented or implied to Mr. Edone as the least sophisticated consumer that Mr. Edone was already obligated to pay an unspecified "expense" insofar as RPS Worldwide chose to use the words "additional expense" which implied that "expense" had already been assessed against Mr. Edone.

### C.  Second Unlawful Collection Letter

#### a.  General

26.     On or about August 19, 2011, RPS Worldwide sent or caused to be sent yet a second dunning letter to Mr. Edone at his address in Orange County, Florida ("Second Written Collection Communication").

27.     A true and correct copy of the Second Written Collection Communication — with personal handwritten notes of Mr. Edone redacted — is attached hereto and incorporated herein by reference as Exhibit "B."

#### b.  False Threat of Credit Damage

28.     Pursuant to the Second Written Collection Communication, RPS Worldwide represented:

> You have chosen to ignore our attempts to resolve the outstanding debt you owe to our client, despite our efforts to do so in an amicable manner.  There is presently due and owing to our client a balance of $1,400.00. Unless we receive your payment in this amount **within 10 days from the date of this letter**, adverse

collection activity will be ordered on this account.  This may include a derogatory filing on your credit record, notification of credit reporting and rating agencies, and commencement of litigation in court that can increase the amount you owe by additional litigation expenses.

("Adverse Credit Reporting Representation")
[emphasis by Plaintiff]

29.     Pursuant to the Adverse Credit Reporting Representation, RPS Worldwide falsely, deceptively, misleadingly, unfairly and unconscionably implied to Mr. Edone as a least sophisticated consumer that RPS Worldwide intended to report adverse information on the consumer report of Mr. Edone when in fact RPS Worldwide did not have the present intention, ability, or legal right to report adverse information on the consumer report of Mr. Edone.

*c.  False Threat of Litigation*

30.     Pursuant to the Second Written Collection Communication, RPS Worldwide represented the following:

UNLESS YOU REMIT THE AMOUNT OWED BY THE ABOVE DEADLINE, BE PREPARED TO BE SERVED WITH A LEGAL SUMMONS AND A COMPLAINT FOR A COURT APPEARANCE AS DEFENDANT IN THIS ACTION AGAINST YOU.

("Litigation Threat Representation")
[emphasis in original]

31.     The Litigation Threat Representation falsely, deceptively, misleadingly, unfairly and unconscionably represented or implied to Mr. Edone as a least sophisticated consumer that a lawsuit would be immediately filed in the court system against Mr. Edone when RPS Worldwide did not have the present intention or ability to initiate immediate litigation against Mr. Edone.

**D.  Failure to Cease Collection Upon Request for Valiation**

32.     When Mr. Edone received the Initial Written Collection Communication, Mr.

-7-

Edone justifiably dismissed the collection letter as harassment by his estranged father. However, with the continued threat of litigation and immediate damage to the credit of Mr. Edone,  Mr. Edone decided to take the collection activities of RPS Worldwide seriously.

33.     On or about August 21, 2011, Mr. Edone sent or caused to be sent to RPS Worldwide a letter disputing the Laptop Debt and demanding proof of the existence of a debt between Mr. Edone and Model Trains ("Request for Validation").

34.     A true and correct copy of the Request for Validation without referenced attachments is attached hereto and incorporated herein by reference as Exhibit "C."

35.     Despite the receipt of the Request for Validation, RPS Worldwide on or about October 11, 2011 sent a third collection communication to Mr. Edone to attempt to collect the Laptop Debt Claim ("Third Written Collection Communication").

36.     A true and correct copy of the Third Written Collection Communication is attached hereto and incorporated herein by reference as Exhibit "D."

37.     Pursuant to the Third Written Collection Communication, RPS Worldwide represented:

> You have chosen to ignore our attempts to resolve the outstanding debt you owe to our client, despite our efforts to do so in an amicable manner. There is presently due and owing to our client a balance of $1,400.00. Unless we receive your payment in this amount within 10 days from the date of this letter, adverse collection activity will be ordered on this account. This may include a derogatory filing on your credit record, notification of credit reporting and rating agencies, and commencement of litigation in court that can increase the amount you owe by additional litigation expenses.

("Failure to Respond Representation")

38.     The Failure to Respond Representation in the Third Written Collection

-8-

Communication falsely, deceptively and misleadingly represented to Mr. Edone as a least

sophisticated consumer that Mr. Edone had not responded to the prior collection communications

from RPS Worldwide when in fact Mr. Edone had responded to RPS Worldwide in the form of

the Request for Validation.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*

39.    This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly

as the "Fair Debt Collection Practices Act" ("FDCPA").

40.    Mr. Edone realleges and reaffirms the allegations contained in Paragraphs 1

through 38 above as if set forth hereat in full.

41.    At all times material hereto, Mr. Edone was a "consumer" as said term is defined

under 15 U.S.C. §1692a(3).

42.    At all times material hereto, the Model Trains was a "creditor" as said term is

defined under 15 U.S.C. §1692a(4).

43.    At all times material hereto, the Laptop Debt Claim was a "debt" as said term is

defined under 15 U.S.C. §1692a(5)

44.    At all times material hereto, RPS Worldwide was a "debt collector" as said term is

defined under 15 U.S.C. §1692a(6).

45.    As more particularly described above, RPS Worldwide has violated the FDCPA in

that RPS Worldwide has:

(a)    engaged in any conduct the natural consequence of which is to harass,

oppress, or abuse any person in connection with the collection of a debt in contravention of 15

U.S.C. §1692d;

      (b)     used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692e;

      (c)     made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

      (d)     made a threat to take any action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C.§1692e(5);

      (e)     made a threat to communicate to any person credit information which is known or which should be known to be false, in contravention of 15 U.S.C.§1692e(8);

      (f)     used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

      (g)     used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

      46.     15 U.S.C. §1692g provides, in pertinent part, the following:

Notice of Debts; Contents

> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (a)  The amount of the debt;
>
> (b)  The name of the creditor to whom the debt is owed;
>
> (c)  A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt

-10-

collector;

(d)   A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e)   A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

47.     RPS Worldwide violated the requirements of 15 U.S.C. §1692g by failing to provide Mr. Edone with a notice of validation rights containing all disclosures under 15 U.S.C. §1692g(a) as required by the FDCPA in a manner which would not confuse the least sophisticated consumer. Among other things, the Initial Collection Communication failed to state the amount of the debt in contravention of 15 U.S.C.  §1692g(a)(1).

48.     The Initial Written Collection Communication and Second Written Collection Communication each overshadowed and were inconsistent with the statutorily mandated disclosure of the rights of consumers to dispute the debt or to request the name and address of the original creditor in contravention of 15 U.S.C. §1692g(b).

49.     Upon receipt of the Request for Validation, RPS Worldwide failed to cease collection of the Laptop Debt Claim in contravention of 15 U.S.C. §1692g(b).

50.     As a direct and proximate result of the violation of the FDCPA by RPS Worldwide,  Mr. Edone has been damaged. The damages of Mr. Edone include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

51.    Pursuant to 15 U.S.C. §1692k, Mr. Edone is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

52.    Mr. Edone has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Jason Edone, an individual, demands judgment against Defendant, RPS Worldwide, Inc., a Florida corporation, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

**COUNT II - ACTION FOR VIOLATION OF THE
FLORIDA CONSUMER COLLECTION PRACTICES ACT**

53.    This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

54.    Mr. Edone realleges and reaffirms the allegations contained in Paragraphs 1 through 38 above as if set forth hereat in full.

55.    At all times material hereto, the Laptop Debt Claim constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

56.    At all times material hereto, Mr. Edone was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

57.    At all times material hereto, Model Trains was a "creditor" as said term is defined under Florida Statutes §559.55(3).

58.    At all times material hereto, RPS Worldwide was a "debt collector" as said term is

-12-

defined under Florida Statutes §559.55(6).

59.    As more particularly described above, RPS Worldwide has violated the FCCPA in that the RPS Worldwide has:

(a)    Willfully engaged in conduct which reasonably can be expected to abuse or harass Mr. Edone in contravention of Florida Statutes §559.72(7); and

(b)    Claimed, attempted or threatened to enforce a debt when RPS Worldwide knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

60.    As a direct and proximate result of the violation of the FCCPA by RPS Worldwide, Mr. Edone has been damaged. The damages of Mr. Edone include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

61.    Mr. Edone has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

62.    Pursuant to Florida Statute §559.77, Mr. Edone is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Jason Edone, an individual, demands judgment for damages against Defendant, RPS Worldwide, Inc., a Florida corporation, together with interest, costs and attorneys pursuant to Florida Statutes §559.77.

-13-

## DEMAND FOR JURY TRIAL

Plaintiff, Jason Edone, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a

trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Email: rphyu@aol.com

KIMBERLY L. DERRY, ESQUIRE
Florida Bar No. 17465
Derry Law Offices
731 W. Smith Street
Orlando, FL 32804
(407) 412-4842 Telephone
(407) 374-2421 Telecopier
E-mail:kimberly@derrylaw.com

COUNSEL FOR PLAINTIFF

-14-